IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**BILLY SHEPHERD**
 **a/k/a BILLY L. SHEPPARD,**
        Petitioner,

v.                                                               Case No.  3:04cv288/MCR/MD

**JAMES V. CROSBY, JR., et al.,**
        Respondents.
_____

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1).  Respondent has filed a motion to dismiss the petition as untimely (doc. 8), to which petitioner has responded (doc. 10).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, it is the opinion of the undersigned that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

On March 18, 1976 petitioner pleaded no contest to first-degree murder (Count I) and kidnaping for ransom or reward (Count II) in the Circuit Court of Santa Rosa County, Florida, in case number 75-I-227.  (Doc. 8, Ex. B).[1]  He was convicted and sentenced to life imprisonment on Count I and 45 years imprisonment on Count II, to run concurrently.  (*Id.*).  The Florida First District Court of Appeal ("First DCA")

---

[1]Hereafter, all references to exhibits will be to those attached to doc. 8, unless otherwise noted.

affirmed petitioner's convictions and sentences without written opinion on September 23, 1976. *Shepherd v. State*, 338 So.2d 845 (Fla. 1st Dist. Ct. App. 1976) (Table) (copy at Ex. C).

On January 5, 2004 petitioner filed a motion to enforce his plea agreement, asserting that the State failed to comply with the terms of the agreement. (Ex. D). The circuit court denied the motion on January 29, 2004. (Ex. E). Petitioner filed an amended motion and a motion for rehearing, both of which were denied on February 19, 2004. (Exs. F, G and H, respectively). The First DCA per curiam affirmed on July 14, 2004. *Shepherd v. State*, 879 So.2d 57 (Fla. 1st Dist. Ct. App. 2004) (Table) (copy at Ex. K). The mandate issued August 27, 2004. (Ex. N).

Petitioner filed the instant federal habeas petition on August 16, 2004. (Doc. 1). He challenges his conviction on the ground that his plea was involuntary because at the time he entered his plea he was unaware that he would be liable for the discretionary costs associated with his incarceration pursuant to Florida Statutes §§ 960.293(2)(a) and 960.297(2). Petitioner alleges that such statutes were not created until 1994, and that they are being applied retroactively to him.[2]

## DISCUSSION

Respondent argues that the instant petition is barred by the statute of limitations. Because petitioner filed this § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs the present petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Pursuant to 28 U.S.C. § 2244, a one-year period of limitation applies to the filing of a federal habeas corpus petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

---

[2]**Section 960.293 provides that a defendant who is incarcerated for an offense that is neither a capital offense nor a life felony offense is liable to the state in the amount of $50 per day for the costs of incarceration. By the terms of section 960.297, the state may recover these costs for the portion of the offender's remaining sentence after July 1, 1994, the effective date of the law.**

**(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;**

**(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;**

**(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or**

**(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.**

§ 2244(d)(1). In the context of subsection (A) above, a "fifth option" supplied uniformly by the Courts of Appeals gives prisoners whose convictions became final prior to the AEDPA a one-year grace period running from the new statute's effective date. *Johnson v. United States*, --- U.S. ---, 125 S.Ct. 1571, 1576, --- L.Ed.2d — (2005) (citing *Duncan v. Walker*, 533 U.S. 167, 183 n. 1, 121 S.Ct. 2120, 2130 n. 1, 150 L.Ed.2d 251 (2001) (Stevens, J., concurring in part and concurring in the judgment) (collecting cases)); *Wilcox v. Florida Dep't. of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998). According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the instant case, there appears to be no dispute that if the petition were governed by the statutory provision set forth in subsection (A), it would be untimely. The First DCA affirmed petitioner's conviction on September 23, 1976. Petitioner did not seek review of his conviction in the Florida Supreme Court or in the United States Supreme Court. Accordingly, his judgment of conviction became "final" for purposes of § 2244 on December 22, 1976, when the ninety-day period in which to seek *certiorari* from the United States Supreme Court expired.[3]  See 28 U.S.C. §

---

[3]The 90-day period for filing in the United States Supreme Court a petition for a *writ of certiorari* seeking review of a decision of a state appellate court runs from the date of the state court's opinion, not the date of issuance of the mandate. See SUP. CT. R. 13.3.

2244(d)(1); *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (for purposes of § 2244(d)(1)(A), the one-year limitations period began to run when the time expired for filing a petition for *certiorari* with the United States Supreme Court); *Jackson v. Secretary for the Dep't of Corrections*, 292 F.3d 1347, 1349 (11th Cir. 2002); *accord Kaufman v. United States*, 282 F.3d 1336, (11th Cir. 2002) (applying same rule to motion filed under 28 U.S.C. § 2255).  However, because that date precedes the effective date of the 1996 amendments to § 2244, petitioner's one year limitations period under section 2244(d)(1)(A) would begin on April 24, 1996, the AEDPA's effective date, and continue through April 24, 1997 unless there were pending during that time any properly filed state post-conviction applications or motions for "other collateral review."  *Helton v. Secretary for the Dep't of Corrections*, 259 F.3d 1310, 1312 (11th Cir. 2001) (citing *Wilcox, supra*, at 1211).

The record reveals that on April 24, 1996 petitioner had no applications for state post-conviction review pending, nor did he file any such applications during the year that followed.  The instant federal habeas petition was not filed until August 16, 2004, several years after the limitations period expired.  Petitioner's motion for post-conviction relief filed after expiration of the limitations period would not entitle him to the tolling benefit of § 2244(d)(2).  *See Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").  Nor would that filing reinitiate the federal limitations period.  *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).

Petitioner contends the statutory provision set forth in subsection (D) governs the commencement of the limitations period (doc. 10).  In support of his position, petitioner states he was unaware that he had a basis to attack his plea until March of 2003 when the prison law library received a copy of the Florida Supreme Court's decision in *Goad v. Florida Dep't of Corrections*, 845 So.2d 880 (Fla. 1st Dist. Ct. App. 2003).  In *Goad*, the Florida Supreme Court held that imposing a civil restitution lien pursuant to Fla. Stat. §§ 960.293 and 960.297 to recover incarceration costs of

**convicted offenders is a civil remedy that is not so punitive in nature as to constitute criminal punishment. Accordingly, the statutes do not violate the *ex post facto* clauses of the state and federal constitutions. Moreover, sections 960.293 and 960.297 do not violate an offender's rights to substantive due process by attaching a new penalty to conduct completed before the statute's enactment.**

**Petitioner argues that the *Goad* decision forms part of the factual predicate of his suit because until the *Goad* decision issued, he did not know that the statutes at issue could be retroactively applied to him and that he could suffer the additional consequence of having to pay discretionary costs associated with his incarceration. Petitioner's contention is without merit. The *Goad* decision forms no part of petitioner's involuntary plea claim. The factual predicate of petitioner's claim, the fact that he pleaded no contest and did not know he would liable for discretionary costs associated with his incarceration, was actually known to petitioner, or could have been known through the exercise of due diligence, at the time Fla. Stat. §§ 960.293 and 960.297 were enacted in 1994. The *Goad* decision neither changes the character of petitioner's involuntary plea claim nor provides any new ground for his federal habeas petition. Likewise, the absence of the *Goad* decision did not prevent petitioner from pursuing state post-conviction relief on the ground he now raises.[4]**

---

[4]Petitioner relies on *Easterwood v. Champion*, 213 F.3d 1321 (10th Cir. 2003) for the proposition that the one-year limitation period "began to run when opinion providing factual predicate for petitioner's claim became accessible in prison law library, and thus was discoverable by petitioner, rather than the date on which opinion was issued." (Doc. 10, p. 2). Regardless of whether this court agrees with that proposition, it does not apply to the instant case. In *Easterwood*, Petitioner Easterwood was charged with first degree murder. At trial, as one of his defenses he presented the testimony of several experts that he was insane at the time of committing the act, as well as insane at the time of trial. *Easterwood v. Champion*, 213 F.3d at 1322. In response, the State presented a single expert, Dr. R.D. Garcia, who testified that, in his opinion, Easterwood was not insane at the time of the offense and was competent to stand trial. Based upon this testimony, the jury found that Mr. Easterwood was competent, convicted him of first degree murder, and sentenced him to life imprisonment. *Id.*, at 1323. Several years later, the Tenth Circuit Court of Appeals issued an opinion which "discussed the fact that at the time of Mr. Easterwood's trial, Dr. R.D. Garcia was suffering 'from severe untreated bipolar disorder' which was possibly severe enough to 'impair and distort his diagnostic judgment.'" *Id.* (quoting *Williamson v. Ward*, 110 F.3d 1508, 1519 (10th Cir. 1997). Mr. Easterwood discovered the case in the prison law library and then filed an application for leave to file a successive federal habeas corpus petition. The Tenth Circuit granted the application, and later held that § 2244(d)(1)(D) applied, explaining: "[T]he factual predicate for Mr. Easterwood's claim (*i.e.*, new evidence) is the mental instability of Dr. Garcia discussed in *Williamson*." *Easterwood*, 213 F.3d at 1323 (emphasis added). The court held that for Easterwood who was a prisoner, the *Williamson* case

Accordingly, the undersigned concludes that the Florida Supreme Court's decision in *Goad* is not the "factual predicate" of petitioner's claim within the meaning of § 2244(d)(1)(D); thus § 2244(d)(1)(D) is inapplicable to this case. Petitioner has not asserted that a government-created impediment to his filing existed, or that he bases his claim on a right newly recognized by the United States Supreme Court. Thus, the statute of limitations must be measured from the remaining trigger, which is the date on which his judgment of conviction became final. *See* 28 U.S.C. § 2244(d)(1). As discussed above, under § 2244(d)(1)(A) petitioner's one year limitation period began on April 24, 1996 and expired one year later on April 24, 1997. As the petition in this case was not filed until August 16, 2004, the petition is untimely.

"Section 2244 . . . permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (citing *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). In the instant case, petitioner has neither claimed equitable tolling applies, nor has he alleged facts to suggest that he ever attempted to file his federal habeas corpus petition within the limitations period, much less that he <u>diligently</u> pursued relief. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (explaining that for equitable tolling to apply, the petitioner must diligently pursue relief). Further, even if this court recognized an exception to the limitations period for claims of actual innocence, such an exception would be inapplicable here where petitioner alleges no facts to suggest he is actually innocent of his crimes.

---

was discoverable by "due diligence" on the date the opinion became accessible in the prison law library, not the date the opinion was issued. *Id.*

The *Easterwood* case is distinguishable from the instant case in that Petitioner Easterwood's claim relied on facts contained in the *Williamson* decision, whereas the petitioner in this case does not rely on *Goad* for any fact discussed in that opinion. Although he maintains that "th[e] [*Goad*] opinion placed petitioner on actual or constructive notice his plea had been breached by an agent of the State," the court finds that it was actually the enactment of Fla. Stat. §§ 960.293 and 960.297, not the subsequent unsuccessful constitutional challenge to those statutes, that put petitioner on notice of his involuntary plea claim.

Case No: 3:04cv288/MCR/MD

## CONCLUSION

The instant petition is untimely. As the record does not support application of the doctrine of equitable tolling or any exception to the one-year limitations period, the petition should be dismissed as time-barred.

Accordingly, it is respectfully RECOMMENDED that respondent's motion to dismiss (doc. 8) be GRANTED, and the petition for writ of habeas corpus (doc. 1) challenging petitioner's convictions and sentences in the case of *State of Florida v. Billy Lee Sheppard*, in the Circuit Court of Santa Rosa, Florida, case no. 75-I-227, be DISMISSED as untimely, and the clerk be directed to close the file.

At Pensacola, Florida this 11th day of May, 2005.


/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. A copy of any objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**